Thomas D. BLACKBURN and Raymond
T. Green, Appellants (Plaintiffs
below),

v.

Charles A. SWEENEY, Jr., Daniel H.
Pfeifer, and Sweeney and Pfeifer, For-
merly d/b/a Sweeney, Pfeifer and Black-
burn, A Partnership, and Sweeney and
Pfeifer, A Partnership f/n/a Sweeney,
Pfeifer and Blackburn, Appellees (De-
fendants below).

No: 71S03–9505–CV–00502.

Supreme Court of Indiana.

Dec. 28, 1995.

Karl L. Mulvaney, Nana Quay–Smith,
Bingham Summers Welsh & Spilman, India-
napolis, for appellants.

Peter G. Tamulonis, John B. Drummy,
Kightlinger & Gray, Indianapolis, for appel-
lees.

ON PETITION TO TRANSFER

SELBY, Justice.

In this case we are asked to examine the
issue of whether a covenant not to advertise
contained in an agreement to withdraw from
a law partnership violates our Rule of Profes-
sional Conduct 5.6. However, because the
United States Seventh Circuit Court has ex-
amined the same covenant and determined
that it is void and unenforceable under § 1 of
the Sherman Act, we conclude that notions of
comity direct us to dismiss this action as
moot.

In 1988, Thomas Blackburn, Charles Swee-
ney, and Daniel Pfeifer formed a law part-
nership in South Bend, Indiana. The trio
eventually expanded their practice to include
offices in Fort Wayne and Lafayette,
Indiana. The office at each locale was gov-
erned by a separate partnership agreement;
each partnership agreement contained a cov-
enant not to compete with the other offices.
Raymond Green joined in the partnerships in
Fort Wayne and Lafayette, but not in the
South Bend partnership. Blackburn and
Green managed the Fort Wayne and Lafay-
ette offices, while Sweeney and Pfeifer ran
the South Bend office. Concentrating almost
exclusively in plaintiff's personal injury cases,
each office attracted a significant amount of
its business through extensive advertising on
television and in the yellow pages.

In 1992, when a dispute arose between the
partners, Sweeney and Pfeifer brought an
action in state court against Blackburn and
Green seeking dissolution of the partner-
ships. The Allen Superior Court ordered
that the partnerships be dissolved and found
that the covenants against competition con-
tained in the partnership agreements were
void as violative of Indiana's Rule of Profes-
sional Conduct 5.6.[1]

---

1. Indiana's Rule of Professional Conduct 5.6 pro-
   vides:

A lawyer shall not participate in offering or mak-
ing:

The parties subsequently entered into an agreement to facilitate dissolution of the partnerships. This agreement, the "Agreement to Withdraw from Partnership" (Agreement), provides in relevant part:

Sweeney and Pfeifer shall not directly or indirectly, within the areas described on Exhibit "A" attached hereto, do any advertising, including but not limited to, television, radio, newspapers, billboards, direct mail or yellow pages. In consideration of the agreement contained in paragraph 2 herein, Blackburn and Green shall not directly or indirectly, within the areas described on Exhibit "B" attached hereto, do any advertising, including but not limited to, television, radio, newspapers, billboards, direct mail or yellow pages.

The issue before us stems from this Agreement. In December 1992, Blackburn and Green brought a declaratory judgment action in St. Joseph Superior Court. They asked the court to declare the Agreement void and unenforceable as violative of Rule 5.6. The trial court entered partial summary judgment in favor of Sweeney and Pfeifer, which Blackburn and Green appealed.

On July 25, 1994, the Indiana Court of Appeals reversed the St. Joseph Superior Court's decision to grant summary judgment, finding that the Agreement's covenant not to compete was invalid as a restriction on the right of an attorney to practice law, in violation of Indiana's Professional Conduct Rule 5.6, and because the invalid covenant was not severable from the remainder of the Agreement, the Agreement was unenforceable. *Blackburn v. Sweeney* (1994), Ind.App., 637 N.E.2d 1340. On April 28, 1995, this Court granted Sweeney and Pfeifer's petition for transfer.

Meanwhile, Blackburn and Green mounted a collateral attack on the Agreement in federal court. Blackburn and Green filed an action in federal court challenging the same clause in the Agreement as violative of § 1 of the Sherman Anti–Trust Act. After review-

ing Blackburn and Green's Sherman Act claim, the federal district court for the Northern District of Indiana granted summary judgment in favor of Sweeney and Pfeifer. Blackburn and Green then appealed to the Seventh Circuit. Shortly thereafter, on May 3, 1995, the Seventh Circuit Court of Appeals issued its opinion for Blackburn and Green, holding that the Agreement "is illegal and unenforceable[.]" The Seventh Circuit concluded that the Agreement was a horizontal agreement to allocate markets among competitors, and therefore, a per se violation of the Sherman Act. *Blackburn v. Sweeney,* 53 F.3d 825 (7th Cir.1995). Such agreements are unenforceable. *United States v. Topco Associates,* 405 U.S. 596, 92 S.Ct. 1126, 31 L.Ed.2d 515 (1972); *Palmer v. BRG of Georgia, Inc.,* 498 U.S. 46, 111 S.Ct. 401, 112 L.Ed.2d 349 (1990).

In light of the Seventh Circuit's decision, there is no enforceable agreement to interpret. Under the doctrine of comity, Indiana courts are bound to help enforce the laws of other jurisdictions unless such enforcement would result in a violation of Indiana law or injury to local citizens. *See Burke v. Burke* (1993), Ind.App., 617 N.E.2d 959, 962. The primary goal behind the doctrine of comity is the promotion of good will between jurisdictions and uniformity of decision. *Id.* It is to advance this goal that we

give preference to such principles and methods of procedure as shall serve to conciliate the distinct and independent tribunals of the state and the Union, so that they may co-operate as harmonious members of a judicial system, coextensive with the United States, and submitting to paramount authority of the same Constitution, laws, [and] federal obligations.

*Reconstruction Finance Corporation v. Zimmerman,* 76 F.2d 313, 316 (4th Cir.1935).

Accordingly, the Agreement at issue here is unenforceable by order of the Seventh Circuit and we therefore dismiss. We will reserve, for a more appropriate time, deci-

---

(a) a partnership or employment agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or

(b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between private parties.

sion on the question of whether other restrictions on advertising, consistent with the Sherman Act, might offend our Rules of Professional Conduct.

SHEPARD, C.J., and DeBRULER, DICKSON, and SULLIVAN, JJ., concur.