GILBERT E. HESS *v.* BOB PHILLIPS WEST SIDE FORD, INC.

[No. 1-473A58. Filed December 21, 1973. Rehearing denied January 24, 1974. Transfer denied April 19, 1974.]

*John M. Lewis,* of Seymour, for appellant.

*Harold H. McConnell, Hamilton & McConnell,* of North Vernon, for appellee.

LYBROOK, J.—The sole question for review in this appeal is whether a trial judge may, on his own motion pursuant to Trial Rule 50, set aside a judgment entered on a jury verdict and, prior to hearing argument and ruling on a Motion to Correct Errors, enter judgment for the other party.

The proceedings in the case at bar relevant to a determination of this question were as follows:

Plaintiff-appellant Gilbert E. Hess (Hess) initiated this action to recover damages for personal injuries from defendant-appellee Bob Phillips West Side Ford, Inc. (Phillips). Trial by jury on June 28, 1972, resulted in a verdict for Hess, and judgment was entered thereon the same day. Phillips subsequently filed its Motion to Correct Errors. On September

1, 1972, when the parties appeared in court for the hearing thereon, the court issued the following order:

"Comes now the plaintiff by his attorney, John M. Lewis, and comes the defendant by its attorney, Harold McConnell, and this being the time heretofore fixed for hearing on defendant's Motion to Correct Errors heretofore filed in this cause, the trial court now upon its own motion, prior to the entering of any order or ruling on defendant's Motion to Correct Errors, now sets aside the judgment heretofore entered in this cause on plaintiff's Second Amended Paragraph of Complaint June 28, 1972, pursuant to the direction contained in T.R. 58.

"And now the Court pursuant to the power contained in T.R. 50(6), enters the following judgment, notwithstanding the verdict of the jury in this cause, to-wit:

"The Court now finds against the plaintiff in this cause, and IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Court that the plaintiff take nothing by his Second Amended First Paragraph of Complaint, and that on said paragraph the defendant recover its costs.

"It is further considered, ordered and adjudged that the matters raised by the defendant's Motion to Correct Errors in this cause are, by the entry of the foregoing judgment, made moot and there is nothing before the Court on said Motion to Correct Errors for the Court to decide."

Thereupon, Hess timely filed his Motion to Correct Errors which was overruled, and this appeal follows.

Trial Rule 50(A) reads:

"(A) Judgment on the evidence — How raised — Effect. Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict. A party may move for such judgment on the evidence:

"(1) after another party carrying the burden of proof or of going forward with the evidence upon any one or more issues has completed presentation of his evidence thereon; or

"(2) after all the parties have completed presentation of the evidence upon any one or more issues; or

"(3) after all the evidence in the case has been presented and before judgment; or

"(4) in a motion to correct errors; or

"(5) may raise the issue upon appeal for the first time in criminal appeals but not in civil cases; *or*

"(6) *the trial court upon its own motion may enter such a judgment on the evidence at any time before a motion to correct error is required to be made, or, if made, at any time before entering its order or ruling thereon.* A party who moves for judgment on the evidence at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a judgment on the evidence which is not granted or which is granted only as to a part of the issues is not a waiver of trial by jury even though all parties to the action have moved for judgment on the evidence. A motion for judgment on the evidence made at one stage of the proceedings is not a waiver of the right of the court or of any party to make such motion on the same or different issues or reasons at a later stage as permitted above, except that error of the court in denying the motion shall be deemed corrected by evidence thereafter offered or admitted." (Our Emphasis.)

In our opinion, a literal construction of the rule supports the trial court's action. Hess contends that a trial court may grant judgment on the evidence on its own motion, but only prior to the entry of judgment on a jury's verdict. However, the plain wording of the rule defeats any such argument. It clearly states that the court may act on its own motion at any time before entering its order or ruling on a Motion to Correct Error. Since Trial Rule 59(C) permits the filing of a Motion to Correct Error within sixty (60) days after the entry of judgment, the entry of judgment on a jury verdict cannot extinguish the court's right to subsequently set aside that judgment and enter judgment on the evidence on its own motion.

In response to the contention that the court's action must be predicated on a motion by one of the parties, we are unable to perceive any grammatically proper modifications of sub-

section (6) by preceding sub-sections or the initial paragraph which would require any such condition precedent. In our opinion, a literal construction of the rule supports the right of the trial court to enter, on its own motion, judgment on the evidence.

Hess emphasizes the principle that courts may correct, modify, or vacate judgments or orders upon a showing of "good cause" in an apparent attempt to argue by implication that there was no "good cause" for the court's action in the instant case, citing *Wadkins* v. *Thornton* (1972), 151 Ind. App. 380, 279 N.E.2d 849. However, Trial Rule 50 deals exclusively with the entry of judgment on the evidence. Hence, any entry of judgment made pursuant thereto necessarily implies an evidentiary "cause". In our opinion, the trial court's statement that it was acting "pursuant to the power contained in T.R. 50(6)" was sufficient.

By way of analogy it has been held that a court need not specifically state in writing the reasons for amending its findings and judgment under Trial Rule 52(B). *Holiday Park Realty Corp.* v. *Gateway Corp.* (1972), 259 Ind. 477, 289 N.E.2d 292.

Hess argues that any interpretation of Trial Rule 50 upholding the trial court's action in the instant case would result in an emasculation of the requirement of Trial Rule 60 which provides grounds upon which a party may seek relief from a judgment or order. We cannot agree. Trial Rule 50 is applicable only to the entry of judgment on the evidence and does not extend to other grounds for relief from a judgment or order under Trial Rule 60 which requires a motion by one of the parties.

For the foregoing reasons, we hold that the trial court had the power under Trial Rule 50(A)(6) to enter judgment on the evidence on its own motion prior to ruling on Phillips' Motion to Correct Error, notwithstanding the prior verdict for Hess and entry of judgment thereon. Since we have found

no Indiana cases considering this particular question, our holding is based largely on a literal and common-sense reading of the rule. Likewise, differences in the comparable Federal Rule of Civil Procedure renders interpretations thereon inapplicable.

Hess has raised solely the legal question of whether the trial court was empowered under the Rules of Procedure to enter judgment on the evidence under the above circumstances. Therefore, we do not reach the merits of whether or not the court's action was supported by the evidence.

Judgment affirmed.

Hoffman, C.J., concurs (participating by designation) ; Lowdermilk, J., concurs.

NOTE.—Reported at 304 N.E.2d 814.