Donald R. SOHACKI, Appellant–Plaintiff,

v.

AMATEUR HOCKEY ASSOCIATION OF ILLINOIS, Appellee–Defendant.

No. 45A03–0002–CV–72.

Court of Appeals of Indiana.

Dec. 6, 2000.

Bruce P. Clark, Stacy J. Vasilak, Andrew M. Yoder, Bruce P. Clark & Associates, Munster, Indiana, Attorneys for Appellant.

Julia Blackwell Gelinas, Patrick J. Galvin, Locke Reynolds LLP, Indianapolis, Indiana, Michael G. Bruton, Price Tunney Reiter & Bruton, Chicago, Illinois, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Donald R. Sohacki appeals the trial court's dismissal of his cause of action against appellee-defendant Amateur Hockey Association of Illinois (AHAI). Specifically, Sohacki asserts that the trial court improperly dismissed his complaint for lack of personal jurisdiction over AHAI.

### FACTS[1]

Sohacki coached in the Northern Illiana High School Hockey League (NIHSHL)

1. Oral argument was heard in this cause on November 1, 2000, in Indianapolis.

which maintains its headquarters in Illinois. That organization, which is sanctioned by AHAI, is comprised of several amateur ice hockey teams. AHAI does not register Indiana teams or leagues and does not sponsor or sanction any games, tournaments or other events in this state. Moreover, AHAI neither maintains an office in Indiana nor owns any property in Indiana. Some teams who elect to play in the NIHSHL are headquartered in Indiana and a number of the league games are also played in Indiana.

Sohacki volunteered to become involved in the St. Jude's Hockey Club (St. Jude's) which is headquartered in the southeast suburbs of Chicago. He eventually became the president, director and coach of that club. On May 20, 1995, AHAI's Rules and Ethics Committee conducted an investigation and hearing in Illinois, in response to complaints regarding Sohacki's conduct while a member of St. Jude's. Sohacki admitted to some of the violations and acknowledged that he had a problem with alcohol. Four days later, the Committee decided to suspend Sohacki from participating in any official capacity at St. Jude's and AHAI hockey for a two-year period. As the basis for the decision, it was determined that Sohacki had used alcohol and vulgar language in the presence of some of the young hockey players, purposely tripped an amateur player and yelled at him when he fell and threatened to keep a player from participating in the league for personal reasons relating to the player's parents. As a result of these findings, Sohacki resigned from St. Jude's, and AHAI's Rules and Ethics Committee proceeded to inform Sohacki that he had the right to appeal the decision. Sohacki failed to appeal the May 1995 decision to suspend him.

During the suspension period, Sohacki was prohibited from attending AHAI hockey events after or while consuming alcoholic beverages. The Committee further determined that, because of the nature of the allegations, Sohacki was required to personally appear before it following the two-year suspension to determine whether he should be reinstated to a position that dealt directly with the players.

In June 1998, Sohacki contacted AHAI personnel and inquired about reinstatement. In response, the AHAI Rules and Ethics Committee informed Sohacki that he should make a written request and appear in Illinois before the Rules and Ethics Committee as was required by the May 24, 1995 decision that he did not appeal. Record at 20–21. After AHAI notified Sohacki's counsel of its reinstatement procedure, Sohacki filed a two-count complaint in the Indiana trial court alleging that AHAI failed to follow its administrative procedures by refusing to reinstate him. Specifically, Sohacki claimed that he relied on the representations of various members of AHAI who promised him automatic reinstatement after the suspension and probationary periods had expired. As a result, Sohacki sought compensatory damages, costs and reinstatement with full privileges with AHAI. He also claimed that his due process rights were violated with respect to the May 1995 suspension because AHAI had suspended him without an adequate hearing. Moreover, Sohacki asserted that he was not informed of the charges against him, allowed adequate opportunity to prepare and present a defense, or permitted to have counsel present.

On July 30, 1999, AHAI moved to dismiss Sohacki's complaint based upon lack of personal jurisdiction along with the failure to state a claim upon which relief could be granted.[2] In part, AHAI contended that Sohacki should be precluded from pursuing his cause of action in Indiana courts because all hearings, meetings and actions relating to Sohacki occurred in Illinois. On January 20, 2000, the trial court granted AHAI's motion to dismiss for

---

**2.** AHAI originally filed its motion to dismiss on February 25, 1999. The trial court struck this motion in light of AHAI's failure to respond to discovery served upon it by Sohacki.

want of personal jurisdiction. Sohacki now appeals.

## DISCUSSION AND DECISION
### I. Standard of Review

We initially observe that a *de novo* standard is employed when this court reviews questions of whether personal jurisdiction exists. *Anthem Ins. Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1231 (Ind.2000). When reviewing matters involving personal jurisdiction, the party challenging jurisdiction has the burden of establishing the lack thereof by a preponderance of the evidence. *Mart v. Hess*, 703 N.E.2d 190, 192 (Ind.Ct.App.1998). Jurisdiction is presumed in Indiana and there is no burden on the plaintiff's part to prove jurisdiction until the defendant has brought forth evidence challenging jurisdiction. *Anthem Ins. Cos.*, 730 N.E.2d at 1231; *Mart*, 703 N.E.2d at 192.

We also note that the analysis of personal jurisdiction is a two-step process. First, it must be determined whether Indiana's "long-arm statute," Ind. Trial Rule 4.4(A), applies to any of the defendant's activities.[3] *Anthem Ins. Cos.*, 730 N.E.2d at 1231. T.R. 4.4(A) provides in part as follows:

> Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state *as to any actions arising from the following acts committed by him or her or his or her agent:*
>
> (1) doing any business in this state;
>
> (2) causing personal injury or property damage by an act or omission done within this state;
>
> (3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or

engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

> (4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;
>
> (5) owning, using, or possessing any real property or an interest in real property within the state;
>
> (6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made[.]
>
> . . .

(emphasis supplied). In the event that a person's contacts with Indiana fall into any of the categories set forth above, T.R. 4.4(A) is satisfied. *Id.* at 1233.

After finding a basis for jurisdiction under the long-arm statute, only then are we required to determine whether the assertion of jurisdiction will offend the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* Accordingly, we focus on the contacts between the defendant and the forum state to determine if they are sufficient to establish that the defendant could reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Personal jurisdiction may be asserted only if there is some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws. *Anthem Ins. Cos.*, 730 N.E.2d at 1234 (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). If such contacts are deemed sufficient, we then evaluate whether the exercise of personal jurisdiction of-

---

3. At oral argument, counsel for Sohacki asserted that he was primarily relying on subsections (1) and (4) above in support of his claim that Indiana courts have jurisdiction over this cause of action.

fends traditional notions of fair play and substantial justice by weighing a variety of interests. *Anthem Ins. Cos.,* 730 N.E.2d at 1233; *see also Burger King Corp.,* 471 U.S. at 476, 105 S.Ct. 2174. In the event that a defendant's contacts with the forum state are unrelated to the lawsuit, such contacts must be fairly extensive to confer jurisdiction. *Anthem Ins. Cos.,* 730 N.E.2d at 1235. We also note that a single contact with a forum state may be enough to establish specific personal jurisdiction. *Id.* However, the defendant's conduct must create a "substantial connection" with the forum state, and the act must be purposeful, not a random, fortuitous, or attenuated contact, or the unilateral activity of another party or a third person. *Burger King,* 471 U.S. at 475, 105 S.Ct. 2174.

## II. Sohacki's Claims

### Consideration of the Long–Arm Statute in This Circumstance

 Sohacki contends that personal jurisdiction of the Indiana courts over this matter is proper because AHAI, through NIHSHL, promotes hockey and sanctions events in this state. Thus, Sohacki maintains that AHAI does business in Indiana in accordance with T.R. 4.4(A) and, therefore, the trial court erred in dismissing the complaint.

As set forth in the long-arm statute, Indiana courts may assert personal jurisdiction over another "as to any actions arising from the following acts committed by him or her," including "(1) doing any business in this state; or (4) having supplied or contracted to supply services rendered or to be rendered or goods or material furnished or to be furnished in this state." Here, even if it could be concluded that AHAI may be conducting some business in Indiana, it is apparent that none of the acts Sohacki alleges arose from any action performed by AHAI in Indiana. Specifically, the basis of Sohacki's complaint was with regard to the May 1995 investigation and hearing that occurred in Illinois. All incidents occurred in Illinois, and Sohacki failed to return to that state in June 1998 to request reinstatement. In short, the record is devoid of any incidents in Indiana that would give rise to the exercise of jurisdiction in this state. Thus, because Sohacki has failed to present sufficient evidence demonstrating that the Indiana trial courts should exercise jurisdiction over this cause of action, we need not address Sohacki's claim that AHAI's "minimum contacts" with this state were satisfied. *See Anthem Ins. Cos.,* 730 N.E.2d at 1233. Therefore, we conclude that the trial court properly dismissed Sohacki's complaint.

Judgment affirmed.

SHARPNACK, C.J., and VAIDIK, J., concur.