AMERICAN ECONOMY INSURANCE CO., a Safeco Company, Appellant–Plaintiff,

v.

Michael FELTS, Genia Fox, USAA Casualty Insurance Company, and Madison Mutual Ins. Co., Appellees–Defendants.

No. 43A04–0103–CV–123.

Court of Appeals of Indiana.

Dec. 6, 2001.

R. Kent Rowe, Gregory J. Haines, Rowe & Rowe, South Bend, IN, Attorneys for Appellant.

Jeffrey V. Crabill, Huffer & Weathers, Indianapolis, IN, Attorney for Appellee USAA Casualty Insurance Co.

Donna H. Fisher, Smith Fisher Maas & Bishop, Indianapolis, IN, Attorney for Appellee Michael Felts.

John T. Roach, Mann Law Firm, Terre Haute, IN, Attorney for Appellee Genia Fox.

## OPINION

BAKER, Judge.

Appellant-defendant American Economy Insurance Company (American Economy) appeals the trial court's dismissal of its declaratory judgment action against Genia Fox, Michael Felts, USAA Casualty Insurance Company (USAA Casualty), and Madison Mutual Insurance Company (Madison Mutual). More specifically, American Economy contends that the trial court should not have dismissed on the basis of personal jurisdiction because the trial court has personal jurisdiction over three of the defendants. American Economy also asserts that no dismissal should have been granted on the basis of forum non conveniens, comity, or the appropriateness of declaratory relief.

### FACTS

Fox, an Illinois resident, purchased a van from an automotive dealership in St. Louis, Missouri. The dealership could not perform the customizing work Fox wanted, so it recommended that she take her van to Bodor Corporation d/b/a Explorer Vans in Warsaw, Indiana. On June 19, 1999, Fox and Felts, her boyfriend who is also

an Illinois resident, drove her newly purchased van to Bodor Corporation for the customizing work. Upon receiving Fox's van, Bodor Corporation provided a loaner van for Fox and Felts. On the return trip to Illinois, Felts drove the van off the road, injuring Fox who rode as a passenger. The accident occurred in Kosciusko County, Indiana.

Less than five months later, Fox filed a personal injury action against Felts in Illinois. Shortly thereafter, on August 28, 2000, Fox filed a declaratory judgment action in Illinois against Felts, USAA Casualty, Madison Mutual, and American Economy. According to her declaratory claim, Fox sought a finding on the existence and priorities of all liability coverage available to her as a result of the automobile accident. USAA Casualty provided Felts bodily-injury liability coverage. Madison Mutual provided Fox bodily-injury liability coverage. American Economy insured the van, which the Bodor Corporation loaned Fox and Felts, under an Indiana garage liability policy.

On October 6, 2000, American Economy filed a complaint for declaratory relief in the Kosciusko Circuit Court. American Economy requested that the trial court enter a judgment declaring that it did not owe insurance coverage to any of the appellees "for any reason arising out of the automobile accident." Appellant's App. at 197. In response, Fox filed a motion to dismiss, asserting: 1) the trial court lacked personal jurisdiction over her; 2) American Economy's complaint for declaratory relief was inappropriate; and 3) a case involving the same parties, facts, and insurance policies was already pending in an Illinois court. Madison Mutual also filed a motion to dismiss, claiming that the trial court lacked personal jurisdiction over it and that principles of comity favored dismissal. Soon thereafter, USAA filed its own motion to dismiss contending that: 1) the trial court lacked personal jurisdiction over it; 2) American Economy's complaint for declaratory relief was inappropriate; 3) Illinois was a more convenient forum; and 4) principles of comity favored dismissal. Felts joined Fox's and USAA's motions to dismiss.

After conducting a hearing on the motions, the Kosciusko Circuit Court granted the motions to dismiss filed by all the defendants. In so doing, the trial court dismissed the action with prejudice without explanation. American Economy now appeals the dismissal of its declaratory action.

## DISCUSSION AND DECISION

The trial court did not state the reasons for its dismissal of American Economy's declaratory action. Where a trial court does not state the reasons for dismissal in its entry of judgment, the appellate court must presume that the trial court granted a motion to dismiss for all the reasons argued in the motion. *Constantine v. City–County Council of Marion County*, 267 Ind. 279, 281, 369 N.E.2d 636, 638 (1977); *Ind. & Mich. Elec. Co. v. Terre Haute Indus., Inc.*, 467 N.E.2d 37, 40 (Ind.Ct.App.1984). Therefore, in our review of the dismissal, we will examine each motion to dismiss for support of the trial court's decision.

### I. Personal Jurisdiction

Each appellee argued that the trial court lacked personal jurisdiction over it. Personal jurisdiction is " 'a court's power to bring a person into its adjudicative process' and render a valid judgment over a person." *Anthem Ins. Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1230 (Ind.2000) (quoting *Black's Law Dictionary* 857 (7th ed. 1999)). Therefore, before addressing other potential reasons for

dismissal of American Economy's action—comity, forum non conveniens, and inappropriateness of declaratory relief—we first determine whether the trial court had personal jurisdiction over each defendant. *See Freemond v. Somma,* 611 N.E.2d 684, 690 n. 3 (Ind.Ct.App.1993) (holding that trial court erred when it concluded that it did not have personal jurisdiction and then dismissed the action based on forum non conveniens), *trans. denied; cf. In re Marriage of Rinderknecht,* 174 Ind.App. 382, 394 n. 11, 367 N.E.2d 1128, 1136 n. 11 (1977) ("The court should first hear and determine the issues of personal jurisdiction. If the court should determine that it does in fact have personal jurisdiction over the defendant, the case should proceed for a trial on the merits.").

We review a trial court's determination of personal jurisdiction de novo. *Anthem,* 730 N.E.2d at 1237. In determining whether it has personal jurisdiction, a trial court should engage in a two-step analysis. First, the court must resolve whether the conduct falls under the long-arm statute. *Id.* at 1232. Second, if the conduct falls under the long-arm statute, the court must determine whether the exercise of personal jurisdiction comports with the Due Process Clause as interpreted by the U.S. Supreme Court and courts of this state. *Id.* at 1233. The defendant bears the burden of proving the trial court's lack of personal jurisdiction by a preponderance of the evidence. *Id.* at 1231.

Our long-arm statute identifies several ways a person submits to the jurisdiction of Indiana courts.

> Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state *as to any action arising from the following acts* committed by him or her or his or her agent:
>
> (1) doing any business in this state;
>
> (2) causing personal injury or property damage by an act or omission done within this state;
>
> (3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;
>
> (4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;
>
> (5) owning, using, or possessing any real property or an interest in real property within this state;
>
> (6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made;
>
> (7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state; or
>
> (8) abusing, harassing, or disturbing the peace of, or violating a protective or restraining order for the protection of, any person within the state by an act or omission done in this state, or outside this state if the act or omission is part of a continuing course of conduct having an effect in this state.

Ind.Trial Rule 4.4(A) (emphasis supplied). Once a court concludes that a party's conduct falls within the reach of the long-arm statute, the court then must de-

cide whether the exercise of personal jurisdiction comports with due process. *Anthem*, 730 N.E.2d at 1234. In its due process analysis, a court is to use a two-part test:

First, [a court] must look at the contacts between the defendant and the forum state to determine if they are sufficient to establish that the defendant could "reasonably anticipate being haled into court there." [Second,] [i]f the contacts are sufficient, then the court must evaluate whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice" by weighing a variety of interests.

*Id.* (citations omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

■■■■ The first part of the analysis involves deciding whether the contacts are related or unrelated to the basis of the lawsuit. If a defendant's contacts are unrelated to the subject matter of the suit—but are "substantial, continuous, extensive and systematic"—they may confer general personal jurisdiction on the court. *Id.* at 1235. If the defendant's contacts are related to the subject matter of the suit—such that the defendant purposely established contacts with the forum state and the basis of the lawsuit arises out of the contacts—those contacts may confer specific personal jurisdiction on the court. *Id.* Contacts establishing general or specific jurisdiction must be purposeful, not " 'random, fortuitous, or attenuated.' " *Id.* (quoting *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174). Contacts may not be established by " 'the unilateral activity of another party or a third person.' " *Id.* (quoting *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174).

■■■■ Once the contacts are shown to confer specific or general personal jurisdic-

tion, the court must further decide whether asserting personal jurisdiction offends " 'traditional notions of fair play and substantial justice.' " *Id.* at 1236 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). As our supreme court remarked, this inquiry is not as great an issue in general personal jurisdiction cases "because the requirement for continuous and systematic contacts with the state ensures that jurisdiction is reasonable and fair." *Id.* The U.S. Supreme Court has established five factors that must be balanced to ensure that the exercise of jurisdiction is fair:

1) the burden on the defendant;

2) the forum state's interest in adjudicating the suit;

3) the plaintiff's interest in obtaining convenience and effective relief;

4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and

5) the shared interest of the several States in furthering fundamental substantive social policies.

*Burger King*, 471 U.S. at 476–77, 105 S.Ct. 2174. To make certain that asserting personal jurisdiction is fair and reasonable, these interests must be balanced and weighed. The fairness and reasonableness inquiry is separate from the contacts inquiry and may defeat jurisdiction even if the defendant has sufficient contacts with the forum state. *Anthem*, 730 N.E.2d at 1236.

### A. Specific Personal Jurisdiction Is Conferred over Van Driver

■■■■ It is undisputed that Felts was driving a van in Kosciusko County at the time of the single-car accident. His conduct, therefore, falls under T.R. 4.4(A)(2) for causing personal injury by an act done in this state. Proceeding to the due process analysis, we note that Felts's conduct

is related to the subject matter of the suit—a declaratory action to avoid automobile insurance liability for damages stemming from an automobile accident. Moreover, Felts's conduct in accompanying Fox to Indiana and driving the van was purposeful. Therefore, Felts's contact with Indiana is sufficient to establish specific personal jurisdiction.

■ We will now review the fairness and reasonableness factors seriatim. First, Felts would undergo a burden to defend a suit one state away from his residence. Second, Indiana has a strong interest in adjudicating suits involving personal injury and property damage that occurred in this state. More specifically, Indiana has a strong interest in protecting Indiana insurers of property located in this state damaged by nonresidents. Third, American Economy, the plaintiff in this declaratory judgment action, has an interest in obtaining relief in the forum state of its insured. Fourth, the interstate judicial system's interest in obtaining the most efficient resolution of the controversy would weigh against American Economy's declaratory judgment action. All five of the parties are litigating the very same issue in an Illinois declaratory judgment action brought by Fox. She filed the declaratory judgment action, involving all three insurers, before American Economy filed its own declaratory judgment action in Indiana. Finally, a fundamental social policy does not appear to be at issue.

Although an action is pending in an Illinois court, which will adjudicate American Economy's liability to Fox, we cannot say it would offend traditional notions of fair play and substantial justice for Indiana to exercise jurisdiction over Felts. Indiana's interest in adjudicating suits involving personal injury and property damage occurring in this state weighs heavily against surrendering its sovereign prerogative for the sake of judicial efficiency. As one who undisputedly caused personal injury and property damage in this state, Felts is subject to the jurisdiction of Indiana courts.

### B. Specific Personal Jurisdiction Is Conferred Over Van Passenger

■ On appeal, American Economy argues that Fox's conduct falls under T.R. 4.4(A)(2)—causing personal injury "by an act or omission done within" Indiana. At some point before the accident, Fox asked Felts if he needed her to stay awake and keep talking to him. Appellant's App. at 76. American Economy claims that Fox contributed to her own injury when she fell asleep in the van, knowing that Felts himself was sleepy. We believe such conduct falls within the reach of the long-arm statute. Furthermore, the same analysis of contacts and fairness in Felt's case permit jurisdiction to be exercised over Fox. Therefore, the Kosciusko Circuit Court had personal jurisdiction over Fox.

### C. Long–Arm Statute Pulls in USAA Casualty and General Personal Jurisdiction Obtains

USAA Casualty contends that it did not commit an act serving as a basis for jurisdiction under the Long–Arm Statute. The company's contention rests on the plain text of the Long–Arm Statute, which reads in part:

> Any person or organization that is a nonresident of this state ... submits to the jurisdiction of the courts of this state *as to any action arising from the following acts* committed by him or her or his or her agent:
>
> 1) doing any business in this state. . . .

T.R. 4.4(A)(1) (emphasis supplied). In its brief, USAA Casualty concedes that it sells insurance policies to Indiana residents. Appellee USAA's brief at 4. The company,

which maintains its principal place of business in San Antonio, Texas, has stationed in Indiana one field adjuster and a number of physical damage appraisers who work out of their homes. Appellant's App. at 130. However, its insured in this case—Felts—is an Illinois resident, and none of its Indiana policies are at issue.

■ A plain reading of the text of T.R. 4.4(A)(1) would appear to sustain USAA Casualty's argument. Indeed, in its recent tour de force on personal jurisdiction, our supreme court emphasized the need to examine the applicability of the Long–Arm Statute before launching into a due process analysis of contacts and fairness. When a court is presented with a personal jurisdiction question, "the correct approach under Indiana Trial Rule 4.4(A) is to ... engage in a two-step analysis, first determining whether the conduct falls under the long-arm statute and then whether it comports with the Due Process Clause." *Anthem*, 730 N.E.2d at 1232. The court later reiterated, "[W]hen evaluating questions of personal jurisdiction, the first line of inquiry is Trial Rule 4.4(A)." *Id.* at 1238. Our supreme court reasoned, "If the Indiana long-arm statute were intended to be coextensive with the limits of personal jurisdiction under the Due Process Clause, it could be written with the general language such as the 'any constitutional basis' statutes used in several other states." *Id.* at 1232.

After *Anthem* had been decided, this court addressed the situation where a nonresident association may have done some business in Indiana but the suit against the association did not arise from the business that it conducted in Indiana. *Sohacki v. Amateur Hockey Ass'n of Ill.*, 739 N.E.2d 185 (Ind.Ct.App.2000). Following the plain meaning of T.R. 4.4(A)(1) and *Anthem*'s general charge to analyze the Long–Arm Statute separately from due process, we held: "Here, even if it could be concluded that [the nonresident association] may be conducting some business in Indiana, it is apparent that none of the acts Sohacki alleges *arose from any action performed* by [the nonresident association] *in Indiana.*" *Id.* at 189 (emphases supplied). As a result, this court upheld the trial court's dismissal of the suit for want of personal jurisdiction over the nonresident association.

■ Implicit in the *Sohacki* holding is an adherence to the literal meaning of T.R. 4.4(A)(1). " 'There is no safer nor better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses.' " 2A Norman J. Singer, *Statutes and Statutory Construction* § 46:01, at 121–22 (6th ed. 2000) (quoting *Swarts v. Siegel*, 117 F. 13, 18–19 (8th Cir.1902)). This canon of interpretation applies as much to our trial rules as it does statutes. *See Kindred v. State*, 514 N.E.2d 314, 316 (Ind.Ct.App.1987) ("[P]arties have a right to expect trial courts to follow the Indiana Rules of Procedure, and the clear meaning of the rules cannot be rewritten by judicial opinion."), *trans. denied; Hess v. Bob Phillips W. Side Ford, Inc.*, 159 Ind.App. 46, 50, 304 N.E.2d 814, 816 (1973) (basing its holding "largely on a literal and commonsense reading of the [trial] rule").

■ Trial Rule 4.4(A) reads that a person "submits to the jurisdiction of the courts of this state *as to any action arising from the following acts* committed by him or her or his or her agent." (emphasis supplied). One of the following acts is "doing any business" in Indiana. T.R. 4.4(A)(1). A breakdown of the rule into its constituent parts and corresponding definitions is helpful. First, "as to," is a prepo-

sition meaning "about"[1] or "concerning."[2] The prepositional phrase seems to limit jurisdiction to that description which follows, otherwise the prepositional phrase would be unnecessary. Second, "arise" can mean "To originate; to stem (from)" or "To result (from)."[3] Put together, the prepositional phrase—"as to any action arising from ... doing any business"— seems to limit jurisdiction to suits stemming or resulting from the nonresident's business in Indiana. In other words, by the plain text of T.R. 4.4(A)(1), where the suit is unrelated to the nonresident's doing of any business in this state, then personal jurisdiction would not obtain.

Notwithstanding the text of T.R. 4.4(A)(1) and *Anthem*'s charge to conduct separate analyses of the Long–Arm Statute and due process, our supreme court appears to have re-extended the reach of the Long–Arm Statute to the boundaries of due process. This is the case at least as it applies to the "doing any business" element of Indiana's Long–Arm Statute. In *Tom–Wat, Inc. v. Fink*, a corporation, based in Connecticut, sued an Indiana resident in a Connecticut court and ultimately won a default judgment. 741 N.E.2d 343 (Ind.2001). The corporation had sued Fink for the value of goods it had sold to his sole proprietorship. With default judgment in hand, the corporation brought suit in Indiana to enforce the Connecticut judgment. Addressing the issue of whether

Connecticut had jurisdiction over the Indiana resident, our supreme court looked to Connecticut common law and Connecticut's long-arm statute.

■■ Connecticut's common law requirement of a two-step jurisdictional analysis—Long–Arm Statute, then due process—is the same as Indiana's. *Id.* at 348. Moreover, Connecticut's Long–Arm Statute is nearly identical to Indiana's.[4] Our supreme court reasoned:

> *As is generally the case* where the enumerated basis of jurisdiction is "doing business" or "transacting business" in the state, the generality of the phrase, together with the doctrine that the state intends to exercise the broadest jurisdiction consistent with the Constitution, makes the decision turn on the Fourteenth Amendment limitations on state court jurisdiction.

*Id.* (emphasis supplied). Based on this generalization, because due process allows courts to acquire general personal jurisdiction over nonresident defendants, we may infer that the Long–Arm Statute pulls in defendants whose doing business in Indiana is unrelated to the suit brought in Indiana.

■■ In the instant case, USAA Casualty sells insurance to Indiana residents. This fact satisfies our Long–Arm Statute's requirement of doing any business in Indiana.[5] Because USAA Casualty's busi-

1. Bryan A. Garner, *A Dictionary of Modern American Usage* 60–61 (1998).

2. H.W. Fowler, *A Dictionary of Modern English Usage* 36–37 (2d prtg., Ernest Gowers rev. 1984).

3. *Black's Law Dictionary* 102 (7th ed. 1999).

4. Connecticut's Long–Arm Statute reads:

> *As to a cause of action arising from* any of the acts enumerated in this section, a court

may exercise personal jurisdiction over any nonresident individual, or foreign partnership ... who in person or through an agent: (1) Transacts any business within the state....

Conn. Gen.Stat. § 52–59b(a) (2000) (emphasis supplied), *quoted in Tom–Wat*, 741 N.E.2d at 348.

5. By the same token, T.R. 4.4(A)(6)—"contracting to insure ... any person ... located within this state at the time the contract was made"—would appear to confer jurisdiction

ness dealings in Indiana are unrelated to the underlying suit, principles of general personal jurisdiction are applicable. USAA Casualty argues that Indiana does not have jurisdiction over it because the company has no office in Indiana and owns no property in Indiana. These traditional bases, however, are not the sole benchmarks for establishing general personal jurisdiction. *Anthem,* 730 N.E.2d at 1239. We must examine whether USAA Casualty's contacts are continuous and systematic.

USAA Casualty issues insurance policies to Indiana residents. USAA Casualty also maintains one field adjuster and a number of physical damage appraisers who work out of their homes. These contacts are continuous and systematic. They show that USAA Casualty "purposely availed itself of the privileges and powers of Indiana law." *See id.* at 1240.

◼ The final step is evaluating whether exercise of personal jurisdiction over USAA Casualty offends traditional notions of fair play and substantial justice. *See id.* We look at the five factors outlined earlier:

1) the burden on the defendant;

2) the forum state's interest in adjudicating the suit;

3) the plaintiff's interest in obtaining convenience and effective relief;

4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and

5) the shared interest of the several States in furthering fundamental substantive social policies.

*Burger King,* 471 U.S. at 476–77, 105 S.Ct. 2174. First, USAA Casualty does not argue that the burden to defend in Indiana would be unfair. Second, as noted above, Indiana does have an interest in adjudicating a declaratory judgment action involving an Indiana insurance policy and personal injury and property damage occurring in this state. Third, American Economy, the plaintiff in this declaratory judgment action, has an interest in obtaining relief in the forum state of its insured. Fourth, the interstate judicial system's interest in maintaining the most efficient resolution of the controversies would not weigh in favor exercising jurisdiction in Indiana. As mentioned, an Illinois court is already addressing the same issue. Finally, a fundamental social policy does not appear to be at issue. Because USAA Casualty has not shown that it would be burdened and because Indiana has a strong interest in adjudicating suits related to personal injury and property damage occurring in this state, we believe traditional notions of fair play and substantial justice allow general personal jurisdiction to be exercised over USAA Casualty.

### D. Long–Arm Statute Does Not Pull in Madison Mutual

◼ Although Madison Mutual filed a motion to dismiss with the Kosciusko Cir-

---

over USAA Casualty. This subsection would apply as long as the prepositional phrase "as to any action arising from" is construed broadly. But we need not base our decision on this ground because American Economy failed to raise the issue.

However, American Economy does argue that, because USAA Casualty has—under IND. CODE § 27–8–3–19—consented to service of process in any suit against it, Indiana courts automatically acquire personal jurisdiction over USAA Casualty. According to American Economy, Indiana courts acquire jurisdiction over USAA Casualty even when no USAA Casualty Indiana insurance policy is at issue. Appellant's brief at 7. However, American Economy has failed to present argument or cite authority for this proposition. Thus, the argument is waived. *See* Ind.Appellate Rule 46(8)(a).

cuit Court,[6] it has neither filed a brief on appeal nor joined with any other appellant-defendant in this appeal. In its motion to dismiss, Madison Mutual asserted that it is a corporation organized under Illinois law. Appellant's App. at 83. Furthermore, Madison Mutual does not conduct any business in Indiana—its only place of business is in Illinois—and is not licensed to act as a foreign corporation in Indiana. Madison Mutual neither has any offices in Indiana nor issues insurance policies to Indiana residents. Appellant's App. at 83. Under these facts, there is no showing that Madison Mutual could in any way have submitted to Indiana's jurisdiction under the Long–Arm Statute. Therefore, the court did not have jurisdiction over Madison Mutual and correctly granted its motion to dismiss based on lack of personal jurisdiction.

## II. Forum Non Conveniens

■■■ On appeal, American Economy asserts that the trial court erred in dismissing the action if it did so based on forum non conveniens. In essence, American Economy argues that litigating the issue in Indiana would cause no hardship to Fox or Felts and that there was no showing that a substantial injustice would result from litigating its action in Indiana. We agree with American Economy that the forum-non-conveniens rule is inapplicable, but not for any reason it advances.

Our trial rules provide strict procedural requirements for the dismissal of actions based on forum non conveniens. A court may not dismiss a suit based on forum non conveniens until all "properly joined defendants file with the clerk of the court a written stipulation." Ind.Trial Rule 4.4(D). The stipulation must state that the defendants: 1) submit to the jurisdiction of the courts of another forum and 2) waive any defense based on the statute of limitations applicable in the other forum with respect to all actions "brought by a party to which this subsection applies." *Id.* The parties filed no such written stipulation in this case. Therefore, a dismissal based on forum non conveniens could not have been upheld. *See Employers Ins. of Wausau v. Recticel Foam Corp.,* 716 N.E.2d 1015, 1023 (Ind.Ct.App.1999) ("Wausau has neither alleged nor demonstrated compliance with [T.R. 4.4(D) ] which, in itself, was fatal and dispositive of Wausau's motion [to dismiss]."), *trans. denied.*

## III. Comity

■■■ Comity and forum non conveniens are not synonymous terms or doctrines. Under principles of comity, Indiana courts may respect final decisions of sister courts as well as proceedings pending in those courts. *See George S. May Int'l Co. v. King,* 629 N.E.2d 257, 260 (Ind.Ct.App.1994), *trans. denied.* Comity is not a constitutional requirement to give full faith and credit to the law of a sister state, but it is a rule of convenience and courtesy. *County of Ventura v. Neice,* 434 N.E.2d 907, 910 (Ind.Ct.App.1982). Moreover, Indiana courts have described comity as representing " 'a willingness to grant a privilege, not as a matter of right, but out of deference and good will. Its primary value is to promote uniformity of decision by discouraging repeated litigation of the same question.' " *Id.* (quoting *Florida ex rel. O'Malley v. Dept. of Ins. of the State of Ind.,* 155 Ind.App. 168, 176–77, 291 N.E.2d 907, 912 (1973)).

---

**6.** More than a month after Madison Mutual filed its motion to dismiss, American Economy and Madison Mutual stipulated to Madison Mutual's dismissal from the lawsuit. Appellant's App. at 55. The trial court never ruled on the stipulation for dismissal. Instead, it granted dismissal to Madison Mutual and the rest of the defendants based on their respective motions to dismiss. Appellant's App. at 5.

In the instant case, an action litigating the existence and extent of American Economy's insurance liability—as well as the liability of two other insurers—was already pending in an Illinois court when American Economy filed its declaratory judgment action in Indiana. Because a court of our sister state is adjudicating this very issue and the same parties are litigating this very issue, there was no abuse of discretion in dismissing American Economy's declaratory judgment action. Therefore, we need not address the final ground—appropriateness of declaratory relief—raised in each appellee-defendant's motion to dismiss.

### IV. Dismissal with Prejudice

American Economy argues in the alternative that the trial court erred when it dismissed the action with prejudice. Inasmuch as dismissal based on comity is not a determination on the merits, we conclude that the dismissal should have been without prejudice. *Cf. Pompey v. Pryner*, 668 N.E.2d 1243, 1248–49 (Ind. Ct.App.1996) ("Inasmuch as the dismissal is for failure to comply with procedural requirements and is not a determination on the merits, we further conclude that the dismissal should be without prejudice."); *Stocker v. Cataldi*, 521 N.E.2d 716, 718 (Ind.Ct.App.1988) ("[I]t is clear that a dismissal for lack of jurisdiction is without prejudice. . . .").

### CONCLUSION

In sum, we conclude that the trial court acquired personal jurisdiction over Felts, Fox, and USAA Casualty. However, the trial court did not have personal jurisdiction over Madison Mutual. Furthermore, although forum non conveniens was inapplicable, the trial court correctly dismissed American Economy's declaratory judgment on the basis of comity.

Judgment affirmed and cause remanded with instructions to amend order to dismiss American Economy's action without prejudice.

FRIEDLANDER, J., and ROBB, J., concur.