Timothy HEXTER, Appellant (Defendant Below),

v.

Carla L. HEXTER, Appellee (Plaintiff Below).

No. 3-578A127.

Court of Appeals of Indiana, Third District.

March 20, 1979.

John R. Fleck, Fort Wayne, for appellant.

Howard B. Sandler, Fort Wayne, for appellee.

HOFFMAN, Judge.

Carla Hexter brought two suits against Timothy Hexter in the Allen Superior Court seeking to enforce three judgments for arrearages in child support payments and attorneys fees rendered by the Court of Common Pleas, Cuyahoga County, Ohio. In each suit she sought an *in rem* judgment against his property in Indiana. That property consisted solely of his interest in the estate of Rhoda Hexter, which was then being administered by the Allen Superior Court.

Carla filed motions for summary judgment in each suit, but Timothy did not respond to either. Instead, he filed motions

to dismiss pursuant to Ind.Rules of Procedure, Trial Rules 12(B) and 4.4(A). The court, after argument, denied the motions to dismiss and granted summary judgment to Carla.

In this appeal[1] Timothy argues that the court below erred in each case (1) by exercising jurisdiction and (2) by granting summary judgment.

## I.

■ Timothy first argues that the decision of the United States Supreme Court in *Shaffer v. Heitner* (1977), 433 U.S. 186, 97 S.Ct. 2569, 43 L.Ed.2d 683, prohibited the trial court from exercising jurisdiction in this case. He maintains that the court's holding that "all assertions of state court jurisdiction must be evaluated according to the standards set forth in *International Shoe [Co. v. Washington, etc.* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95] and its progeny," 97 S.Ct. at 2584, 2585, precludes the exercise of *in rem* jurisdiction over his property, inasmuch as he had no contact with the State of Indiana which would support *in personam* jurisdiction. While such an argument might have had merit had the court's jurisdiction been exercised for the purpose of adjudicating some underlying controversy between the parties, it is of no moment where, as here, the suit is one to enforce an existing judgment. For as Justice Marshall, speaking for the Court in *Shaffer*, noted:

"    .    . [W]e know of nothing to justify the assumption that a debtor can avoid paying his obligations by removing his property to a State in which his creditor cannot obtain personal jurisdiction over him. The Full Faith and Credit Clause, after all, makes the valid *in personam* judgment of one State enforceable in all other States.[36]

"[36] Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would

---

1. Upon Timothy's petition to this Court, these cases were consolidated for purposes of appeal.

*See:* Ind.Rules of Procedure, Appellate Rule 5(B).

have jurisdiction to determine the existence of the debt as an original matter." 97 S.Ct. at 2583.

■ Timothy also argues that the exercise of jurisdiction over this suit by a court in Indiana, encroached on the sovereignty of the State of Virginia. The sole ground upon which he bases that argument is the fact that an earlier action had been filed in Virginia to enforce the same judgments sued upon here.

Were the courts of Indiana to refrain from exercising jurisdiction over this case, they would only do so out of comity. But, as the Court in *State of Florida ex rel. O'Malley v. Ind. Dept. of Insurance* (1973), 155 Ind.App. 168, 291 N.E.2d 907, observed:

"[C]omity is not and never has been a mandatory principle. It is not a rule of law but one of practice, convenience and courtesy. Comity represents a willingness to grant a privilege, not as a matter of right, but out of deference and goodwill. *Its primary value is to promote uniformity of decision by discouraging repeated litigation of the same question.*" (Our emphasis.) 291 N.E.2d at 912.

The record here shows that, although Carla brought another suit to enforce these judgments, it was filed in 1975 and has proceeded no further since that time. Thus, there appears little danger that Timothy will be subjected to multiple or inconsistent judgments, and there was no sound reason for the trial court to refuse to entertain the suits below.

The motions to dismiss were therefore properly overruled.

## II.

■ Timothy next argues that the court improperly denied him an opportunity to respond to the motions for summary judgment when it granted those motions on the same days it denied his motions to dismiss.

An examination of the record discloses that in each suit Timothy was afforded a time well in excess of the ten-day period prescribed by Ind.Rules of Procedure, Trial Rule 56(C) within which to respond to the motions for summary judgment. Nowhere in TR. 56 is there a provision which requires the court to grant a party additional time to respond to a motion for summary judgment simply because that party has other motions pending before the court. Thus, the court committed no error in refusing to grant such additional time.

■ Finally, Timothy makes a two-pronged attack on the propriety of granting the motions for summary judgment. He first maintains that the Ohio judgments sued upon "could be read" to suggest that he was not given sufficient notice of a referee's recommendation made in the Ohio suit for child support arrearages. This alleged ambiguity, he concludes, created an issue of fact for resolution by the trial court. Yet Timothy at no time has claimed that he, in fact, had no notice, nor has he otherwise alleged facts which would create an issue as to the validity of the judgment. Where, as here, a sister-state judgment is regular and complete on its face, it is *prima facie* valid. *Smith v. Young* (1974), 160 Ind.App. 83, at 85, 310 N.E.2d 84, at 86; *McCarthy v. McCarthy* (1971), 150 Ind.App. 640, at 647, 276 N.E.2d 891, at 896. As Timothy raised no issue of fact regarding the validity of that judgment, his general allegation of ambiguity presented no obstacle to the granting of summary judgment. TR. 56(C).

Timothy's second argument in this regard is that there was an issue of fact as to the sufficiency of service of process in the instant case. Although he does not so state, he presumably would attack the jurisdiction of the court below on the basis of an alleged insufficiency of service, thus challenging its power to render summary judgment against him. However, it is well established that a person who takes any action in a case which amounts to an appearance thereby confers jurisdiction over his person so as to authorize a judgment against him, regardless of whether he has been served with process. *Anderson Fed. Sav. & L. v. Guard. of Davidson* (1977), Ind.App., 364 N.E.2d 781, at 784.

Here, Timothy (by counsel) entered an appearance in each suit. Consequently, the court below had jurisdiction over him whether or not service of process was sufficient in each case. *Anderson Fed. Sav. & L. v. Guard. of Davidson, supra.*

For all the foregoing reasons, the judgments below are affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.