OMNI MICRO, INC., Appellant
(Defendant Below),

v.

HYUNDAI ELECTRONICS AMERICA,
Appellee (Plaintiff Below).

No. 71A03–9012–CV–532.

Court of Appeals of Indiana,
Third District.

May 29, 1991.

John B. Ford, South Bend, for appellant.

Carmen M. Piasecki, Eugenia S. Schwartz, Nickle and Piasecki, South Bend, for appellee.

STATON, Judge.

Omni appeals a grant of summary judgment in favor of Hyundai in an action to enforce a judgment entered by a Superior Court of the State of California. Omni presents for our review two issues, which we restate:

I. Did the trial court apply an incorrect standard of law in determining that Omni failed to rebut the presumption of validity afforded a foreign judgment?

II. Were there genuine issues of material fact concerning the arbitrability of the dispute submitted to the California arbitrator?

We affirm.

On April 3, 1990, Hyundai filed a complaint in the St. Joseph Circuit Court, seeking to enforce a judgment entered by the Superior Court of the State of California in and for the County of Santa Clara on October 16, 1989, and amended on February 28, 1990. The California judgment confirmed the award of a California arbitrator in favor of Hyundai and against Omni in the amount of $373,549.00.

Omni filed an Answer on May 29, 1990, alleging, *inter alia*, that the California court lacked subject matter jurisdiction over Hyundai's claim.

On June 6, 1990, Hyundai moved to admit an "Order Confirming Arbitration Award, Judgment, and Amendment to Judgment." Hyundai additionally moved for summary judgment against Omni.

On June 20, 1990, Omni filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, attaching the Affidavit of John Levy, which asserted:

"1. I am a resident of the State of Indiana; I am of adult years of age; I make this Affidavit upon my own personal knowledge; and I would testify as set forth herein if called to do so in open court.

2. I was the President of the defendant, Omni Micro, Inc., at all material times.

3. I am generally familiar with the basis of the claim of the plaintiff in these proceedings, Hyundai Electronics America, Inc. The claim arises in substantial part out of a Promissory Note and a Continuing Guaranty, which were signed by me on behalf of Omni Micro, Inc. in South Bend, Indiana, on July 21, 1988, true and correct copies of which are attached hereto and made a part hereof as Exhibits 1 and 2, respectively."

Record, p. 60.

Summary judgment in favor of Hyundai was entered on July 16, 1990, the trial court finding no genuine issue of fact for trial.

## I.

### Rebuttal of Presumption of Validity

Omni argues that the trial court improperly imposed upon it a burden of proving the lack of a jurisdictional basis for the California judgment. Omni concedes that this burden of proof would be appropriate at trial, but maintains that it need only to demonstrate the existence of a genuine issue of fact concerning jurisdiction to withstand Hyundai's motion for summary judgment.

■ Summary judgment is appropriate only in limited situations. The movant must establish that there is no genuine issue as to a material fact and that he is entitled to judgment as a matter of law. When the movant has fulfilled these requirements, the non-movant may no longer rest upon his pleadings, but must set forth specific facts indicating an issue of material fact exists. If the non-movant fails to meet this burden, summary judgment may be granted. *Pepkowski v. Life of Indiana Ins. Co.* (1988), Ind.App., 526 N.E.2d 1015, 1016–17.

■ On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Schrader v. Mississinewa Community School Corp.* (1988), Ind.App., 521 N.E.2d 949, *trans. denied.* Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Kolczynski v. Maxton Motors, Inc.* (1989), Ind.App., 538 N.E.2d 275, 276, *reh. denied, trans. denied.*

■ Hyundai presented the trial court with certified copies of a California Superior Court judgment. A judgment from a sister state which is regular and complete on its face is presumed valid. *Hexter v. Hexter* (1979), 179 Ind.App. 638, 386 N.E.2d 1006, 1008. The Full Faith and Credit Clause of the United States Constitution requires that "[a] judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter." *Taylor v. Landsman* (1981), Ind.App., 422 N.E.2d 403, 405, *reh. denied.*

■ Inasmuch as a sister state is required to afford a foreign judgment only the same effect as would the state which issued it, all foreign judgments are open to collateral attack for lack of jurisdiction of the person or subject matter. The defect need not appear on the face of the judgment. However, one who attacks the jurisdiction of the issuing court must rebut the presumption in favor of the validity of the foreign judgment. *Tandy Computer Leasing v. Milam* (1990), Ind.App., 555 N.E.2d 174, 175–76.

Omni argues that the trial court effectively converted the presumption of validity into an irrebuttable presumption by ignoring Omni's proffered affidavit. This argument is unsupported by the record. The text of the trial court's judgment indicates that the court considered the affidavit,

searching for a genuine issue of material fact. Finding none, the trial court entered summary judgment. Record, pp. 216–219.

▇ The Levy affidavit, the sole evidence offered by Omni in opposition to Hyundai's motion for summary judgment, contained no allegation of fact which if true would serve to rebut the presumption of validity of the California judgment. The trial court did not impose upon Omni the burden to *prove* such facts at the summary judgment stage of the proceedings; however, Omni was properly required to *allege* the existence of facts which if true would rebut the presumption of validity.

## II.

### *Issue of Material Fact*

▇ Omni argues that a genuine issue of material fact concerning arbitrability of the underlying dispute precluded the entry of summary judgment. Omni reasons that the absence of arbitration clauses in the Promissory Note and Continuing Guaranty referenced in Levy's affidavit and attached thereto raises an issue of fact concerning arbitrability.

▇ We must assume when reviewing a grant of summary judgment that the factual allegations of the non-movant are true. Omni alleged that its dispute with Hyundai substantially arose out of documents which do not contemplate arbitration. However, Omni has not alleged that these documents comprised the complete agreement of the parties; nor has Omni claimed that it did not enter into an arbitration agreement with Hyundai. General claims of ambiguity, unaccompanied by specific allegations of disputed facts, are insufficient to raise an issue as to the validity of a judgment which is regular on its face. *See Hexter, supra,* 386 N.E.2d at 1008.

We conclude that Omni raised no genuine issue of material fact for purposes of defeating Hyundai's motion for summary judgment.

The judgment of the trial court is affirmed.

SHIELDS, P.J., concurs.

GARRARD, J., concurs in result.