In the Matter of the ARBITRATION BETWEEN AMERICAN GENERAL FINANCIAL SERVICES, INC., Merit Life Insurance Co., and Yosemite Insurance Co., Appellants–Petitioners,

and

Theodore Franklin MILLER, II, Appellee–Respondent.

No. 82A01–0406–CV–260.

Court of Appeals of Indiana.

Jan. 14, 2005.

Mark F. Warzecha, Bowers Harrison, LLP Evansville, IN, Attorney for Appellant.

J. Michael Woods, Woods & Woods, LLP Evansville, IN, Attorney for Appellee.

**OPINION**

MATHIAS, Judge.

Theodore Miller ("Miller"), an Indiana resident, is a plaintiff in a lawsuit pending in Mississippi against American General Financial Services, Inc., Merit Life Insurance Co., and Yosemite Insurance Co. (collectively "American General"). Alleging that Miller's claims in the Mississippi lawsuit are subject to a binding arbitration agreement, American General filed a petition to compel arbitration against Miller in Vanderburgh Superior Court. Miller filed a motion to dismiss American General's petition, which the trial court granted. American General appeals and argues that the trial court abused its discretion when it granted Miller's motion to dismiss based on the principles of comity. Concluding that the trial court abused its discretion when it granted Miller's motion to dismiss, we reverse and remand for proceedings consistent with this opinion.

**Facts and Procedural History**

On May 2, 2000, Miller, an Indiana resident, entered into a consumer loan transaction with American General. American General and its corporate affiliates maintain their principal places of business in Indiana. The contract Miller entered into with American General provides that all "covered claims," which are defined in the contract, must be resolved by binding arbitration at the election of the lender or the borrower. Further, the contract provides that arbitration will take place in the county in which the borrower resides and any lawsuit filed to enforce the arbitration provision will be filed in either state or federal court in the county where the loan agreement was signed. Finally, the contract states, "[b]y signing your loan agreement, you acknowledge that you have read and received a copy of the arbitration provisions and agree to be bound by all of the terms of the arbitration provisions and your loan agreement." Appellant's App. p. 20.

On March 22, 2002, Miller and five other individuals, who are Mississippi residents, filed a complaint against American General in the Circuit Court of Carroll County, Mississippi. In the complaint, they alleged several causes of action including breach of fiduciary duty, breach of implied covenants of good faith and fair dealing, fraudulent and negligent misrepresentation, unconscionability, and unjust enrichment. American General then removed the case to the United States District Court for the Northern District of Mississippi and filed its answer to the complaint. In its answer, American General alleged that "[s]everal of the plaintiffs' claims are subject to binding arbitration agreements, and those plaintiffs should be required to submit their claims to arbitration pursuant to 9 U.S.C. § 1 *et. seq.*" Appellant's App. p. 43. American General also asserted that the matter should be stayed until arbitration proceedings are concluded. *Id.* On March 31, 2003, the case was remanded back to the Carroll County Circuit Court, where it is still pending. However, no action has been taken in that case since it was remanded back to the Circuit Court in Carroll County, Mississippi.

On September 22, 2003, American General filed a petition to compel arbitration in Vanderburgh Superior Court. Miller moved to dismiss the petition on November 7, 2003, and in part, claimed the defense of abstention. The trial court ordered briefing on Miller's defense of abstention, and during briefing, Miller also argued that American General's petition should be dismissed under the principles of comity. Shortly thereafter, the trial court allowed Miller to file an amended answer to include the principles of comity as an additional defense. On March 5, 2004, the trial court heard argument from the parties on the principles of comity. On March 15, 2004, the trial court granted Miller's motion to dismiss American General's petition with prejudice "based upon the principals [sic] of comity." Appellant's App. p. 6. American General now appeals.

## Standard of Review

■ American General contends that the appropriate standard of review in this case is de novo and in support of that argument relies on *GKN Co. v. Magness,* 744 N.E.2d 397 (Ind.2001). In *GKN,* our supreme court held that when reviewing a motion to dismiss for lack of subject matter jurisdiction, "the standard of review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a 'paper record.'" *Id.* at 401. The court then held that appellate courts should review de novo a trial court's ruling on a Trial Rule 12(B)(1) motion to dismiss where the facts are either undisputed or where the trial court resolved disputed facts on a paper record. *Id.*

■ In response, Miller notes that this case does not involve a Trial Rule 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. Furthermore, in *American Economy Insurance Co. v. Felts,* 759 N.E.2d 649, 660–61 (Ind.Ct.App.2001), when reviewing the dismissal of a declaratory judgment under the principles of comity, our court applied an abuse of discretion standard. Moreover, comity is a "rule of convenience and courtesy." *Id.* Therefore, we agree with Miller's argument that "as a principle which may or may not be applied at the discretion of the trial court, the use of comity should be reviewed for an abuse of that discretion." Br. of Appellant at 6.

## Discussion and Decision

■ Initially, we observe that Indiana recognizes a strong policy favoring en-

forcement of arbitration agreements. *Sanford v. Castleton Health Care Ctr., LLC,* 813 N.E.2d 411, 416 (Ind.Ct.App. 2004), *trans. denied* (citing *Northwestern Mut. Life Ins. Co. v. Stinnett,* 698 N.E.2d 339, 343 (Ind.Ct.App.1998)). Further, "[w]hen construing arbitration agreements, every doubt is to be resolved in favor of arbitration," and the "parties are bound to arbitrate all matters, not explicitly excluded, that reasonably fit within the language used." *Showboat Marina Casino P'ship v. Tonn & Blank Const.,* 790 N.E.2d 595, 598 (Ind.Ct.App.2003) (citations omitted).

▆▆ In this case, the trial court dismissed American General's petition to compel arbitration based on the principles of comity. "Under principles of comity, Indiana courts may respect final decisions of sister courts as well as proceedings pending in those courts." *Am. Econ. Ins. Co. v. Felts,* 759 N.E.2d 649, 660 (Ind.Ct. App.2001) (citing *George S. May Int'l Co. v. King,* 629 N.E.2d 257, 260 (Ind.Ct.App. 1994), *trans. denied* ). Comity is not a constitutional requirement, but a rule of convenience and courtesy. *Id.* (citing *County of Ventura v. Neice,* 434 N.E.2d 907, 910 (Ind.Ct.App.1982)). Moreover, comity has been described as representing " 'a willingness to grant a privilege, not as a matter of right, but out of deference and good will. Its primary value is to promote uniformity of decision by discouraging repeated litigation of the same question.' " *Id.* (citations omitted).

In *Hexter v. Hexter,* 179 Ind.App. 638, 638, 386 N.E.2d 1006, 1007 (1979), Carla Hexter filed suit in Indiana to enforce judgments rendered by an Ohio court for child support arrearages. On appeal of the denial of his motion to dismiss, Timothy Hexter argued that because an earlier action had been filed in Virginia to enforce those judgments, the exercise of jurisdiction by an Indiana court improperly encroached upon the sovereignty of the State of Virginia. *Id.* at 639–40, 386 N.E.2d at 1008. Noting that if an Indiana court refrained from exercising jurisdiction in this case, it would only do so out of comity, our court concluded:

> The record here shows that, although Carla brought another suit to enforce these judgments, it was filed in 1975 and has proceeded no further since that time. Thus, there appears little danger that Timothy will be subjected to multiple or inconsistent judgments, and there was no sound reason for the trial court to refuse to entertain the suits below.

*Id.* at 640, 386 N.E.2d at 1008.

In *George S. May International Co. v. King,* George S. May Company ("the company") brought suit in Indiana alleging breach of confidentiality and non-competition provisions in an employment agreement even though the agreement provided that any dispute arising under the agreement would be brought in Illinois. 629 N.E.2d at 259. The former employees successfully moved to dismiss on the ground that the company could only bring suit in Illinois. *Id.* The former employees then filed a declaratory judgment action in Illinois and the company filed a counterclaim in that action seeking injunctive relief. *Id.* The company also appealed the Indiana court's ruling on the employees' motion to dismiss and our court rejected the employees' argument that the appeal should be dismissed based on the principles of comity. *Id.* at 260. In doing so, our court concluded that the issue of whether the company can seek injunctive relief in Indiana is unlikely to be an issue in the pending action in Illinois, and therefore, the parties do not risk facing conflict-

ing decisions.[1]  *Id.*

Conversely, in *American Economy Insurance Co. v. Felts,* our court reached the opposite result and concluded that American Economy's declaratory judgment action was properly dismissed under the principles of comity.  759 N.E.2d at 661. In *American Economy,* the issue pending in the Indiana case—the existence and extent of American Economy's insurance liability—was already pending in an Illinois court when the declaratory judgment action was filed in Indiana.  *Id.* Accordingly, our court held, "[b]ecause a court of our sister state is adjudicating this very issue and the same parties are litigating this very issue, there was no abuse of discretion in dismissing American Economy's declaratory judgment action."  *Id.*

■  Similar to the circumstances presented in *Hexter,* no action has been taken in the Mississippi case since March 31, 2003.  Moreover, only jurisdictional issues have been litigated in that case.  While we observe that American General has asserted that many of the plaintiffs' claims are subject to binding arbitration agreements and the plaintiffs should be required to submit their claims to arbitration, none of

the parties have filed a motion to compel arbitration in the Mississippi case.  Therefore, unlike the circumstances before us in *Felts,* the issue raised in American General's petition to compel arbitration in this case is not currently being litigated in the Mississippi case.[2]  Accordingly, we conclude that there appears to be little danger that Miller will be subjected to multiple or inconsistent judgments if American General's petition to compel arbitration is reinstated.

Finally, we note that pursuant to the terms of the loan agreement, American General filed its petition to compel arbitration in the Vanderburgh Superior Court. On the other hand, Miller, an Indiana resident, is suing American General and its affiliates, in a Mississippi court even though the loan transaction occurred in Indiana where American General maintains its principal place of business.  Accordingly, we conclude that under the facts and circumstances before us and given Indiana's strong policy favoring the enforcement of arbitration agreements, the trial court abused its discretion when it dismissed American General's petition to compel arbitration based on the principles of comity.

---

1.  Our court also stated, "because [former employees] King and Hacker instituted their action in Illinois after May initiated its actions against them in Indiana, we will not allow King and Hacker to assert the principles of comity as a possible defense.  If we were to allow this, every litigant could seek to stymie proceedings in Indiana by filing subsequent actions in other states."  *Id.*

2.  In his brief, Miller argues that because he is challenging the "validity of and misrepresentations, suppressions, and omissions made with regard to the loan transaction as a whole" in the Mississippi litigation, the evidence necessary to litigate the validity of the arbitration agreement in Indiana would be the same evidence necessary to determine the validity of his claims in the Mississippi case.

Br. of Appellee at 11.  He therefore concludes that dismissal of American General's petition to compel arbitration was warranted because the same issues are being litigated.  Although some of the same evidence may be utilized in litigating the validity of the arbitration agreement and the validity of the loan transaction, we observe that those issues are distinct. Moreover, we reiterate that the challenge to the validity of the loan transaction in the Mississippi court is not currently being litigated as no action has taken place in that case since March 31, 2003.  Finally, we are less than sympathetic to Miller's claims where it appears that he was joined as a plaintiff in the Mississippi case solely for the purpose of defeating federal diversity jurisdiction.

Reversed and remanded for proceedings consistent with this opinion.

DARDEN, J., and FRIEDLANDER, J., concur.