# FOR PUBLICATION



FILED

Oct 09 2012, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**GEORGE M. PLEWS**
**KAREN B. SCHEIDLER**
**SEAN M. HIRSCHTEN**
Plews Shadley Racher & Braun LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE XL
INSURANCE f/k/a WINTERTHUR
INTERNATIONAL AMERICA
INSURANCE COMPANY:

**STEPHEN J. PETERS**
**DAVID I. RUBIN**
Harrison & Moberly, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

THOMSON, INC. n/k/a TECHNICOLOR )
USA, INC., TECHNICOLOR INC., and )
TECHNICOLOR LIMITED, )
        )
    Appellants/Plaintiffs, )
        )
      vs. )    No. 49A02-1202-PL-80
        )
CONTINENTAL CASUALTY CO.; )
TRAVELERS CASUALTY & SURETY CO. & )
TRAVELERS PROPERTY CASUALTY )
CO. OF AM.; ACE AM. INS. CO. & )
CENTURY INDEMNITY CO., INDEMNITY )
INS. CO. OF N. AM., INS. CO. OF N. AM., )
& CIGNA INS. CO.; XL INS. AM., INC.; )
and NORTHERN ASSURANCE CO. OF AM.; )
        )
    Appellees/Defendants. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-0807-CT-30746

**OPINION – FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY[1]

Appellants/Plaintiffs Thomson Inc. n/k/a Technicolor USA, Inc., Technicolor, Inc., and Technicolor, Ltd. (collectively, "Thomson") appeal from the trial court's judgment in favor or Appellee/Defendant XL Insurance of America, Inc. As restated, Thomson contends that (I) full faith and credit does not require that Indiana courts respect a California trial court's decision that California law applies to certain insurance policies XL sold to Thomson ("the California decision"), (II) comity does not favor deference to the California decision, and (III) Indiana's choice-of-law rules require the application of Indiana law to the policies at issue. Concluding that the trial court did not abuse its discretion in applying the principles of comity, we affirm on that basis, and do not reach Thomson's other arguments.

## FACTS AND PROCEDURAL HISTORY

XL sold a total of twelve insurance policies ("the Policies") to Thomson that are of interest in this case, policies which were in effect from January 1, 2000, to January 1, 2006. On July 11, 2008, Thomson sued several of its past and present insurers in this action, including XL, for coverage of an environmental cleanup in Taiwan. Eventually, by amendment of pleadings, additional sites in Fort Wayne, Indiana; Mocksville, North

---

[1] We heard oral argument in this case on September 25, 2012, at the Indiana Court of Appeals courtroom in Indianapolis. We wish to commend counsel for the high quality of their oral advocacy.

Carolina; Circleville, Ohio; and two sites in Marion, Indiana, were added to the action. In April of 2009, Thomson mailed a request for coverage to certain insurers for environmental cleanups of sites in Hollywood and North Hollywood, California, and West Drayton, United Kingdom, ("the Technicolor Sites") sites that were acquired when Thomson acquired Technicolor, Inc., and Technicolor, Ltd.

On May 14, 2009, American Motorists Insurance Company ("AMICO"), one of the insurers from whom Thomson had requested coverage for the Technicolor Sites, sued Thomson and twenty "John Doe" insurers in California court, seeking a declaration that its policies do not cover the Technicolor Sites. On June 12, 2009, AMICO named XL as one of the John Doe insurers, adding it to the California action. On August 18, 2009, Thomson added the Technicolor Sites to the Indiana action.

On May 24, 2010, the California trial court issued a summary judgment concluding that California law applied to the interpretation of XL's policies as to the Technicolor Sites. Thomson appealed the California decision, which was affirmed by the Court of Appeal of the State of California on August 29, 2011. Thomson's petition for review by the California Supreme Court was denied on December 22, 2011. Pursuant to United States Supreme Court Rule 13, Thomson had until March 21, 2012, or ninety days following the California Supreme Court's denial of review, to petition for a writ of certiorari, but did not do so.

Meanwhile, on March 30, 2011, Thomson filed for partial summary judgment as to choice of law in the Indiana action, seeking to have Indiana law applied to the interpretation of insurance policies sold to it by XL and the other defendants. On October

3

6, 2011, the trial court granted Thomson's motion for partial summary in part but concluded that full faith and credit and principles of comity required it to refrain from departing from the May 24, 2010, California ruling regarding XL's policies and the Technicolor Sites. On October 31, 2011, Thomson filed a motion to correct error. On January 13, 2012, the trial court denied Thomson's motion to correct error in an order that provided, in part, as follows:

> 4. The California trial court's May 24, 2010 Judgment in favor of XL and against Thomson and the affirmance of that judgment by the California Court of Appeals on August 29, 2011, are entitled to *res judicata* effect under the full faith and credit and comity principles.
> ….
> 8. The California appellate process is concluded and the judgment in favor of XL and against Thomson affirmed; therefore, the Full Faith and Credit principles set forth in the United States Constitution, Article IV, § 1 and Ind. Code § 34-1-18-7 apply and must be given preclusive effect. Therefore, Thomson's Motion to Correct Errors is denied as to XL.

Appellant's App. pp. 82, 84.

## DISCUSSION AND DECISION

### Whether Comity Favors Deference to the California Court's Decision

Thomson argues that the trial court abused its discretion in relying upon the principles of comity to defer to the California decision.

> "Under principles of comity, Indiana courts may respect final decisions of sister courts as well as proceedings pending in those courts." *Am. Econ. Ins. Co. v. Felts*, 759 N.E.2d 649, 660 (Ind. Ct. App. 2001) (citing *George S. May Int'l Co. v. King*, 629 N.E.2d 257, 260 (Ind. Ct. App. 1994), *trans. denied*). Comity is not a constitutional requirement, but a rule of convenience and courtesy. *Id.* (citing *County of Ventura v. Neice*, 434 N.E.2d 907, 910 (Ind. Ct. App. 1982)). Moreover, comity has been described as representing "'a willingness to grant a privilege, not as a matter of right, but out of deference and good will. Its primary value is to

4

promote uniformity of decision by discouraging repeated litigation of the same question.'" *Id*. (citations omitted).

*In re Arbitration Between Am. Gen. Fin. Services, Inc. & Miller*, 820 N.E.2d 722, 725 (Ind. Ct. App. 2005). "It is within the trial court's discretion to dismiss an action out of comity." *Brightpoint, Inc. v. Pedersen*, 930 N.E.2d 34, 39 (Ind. Ct. App. 2010), *trans. denied*. "Again, an abuse of discretion occurs only when the trial court's judgment is against the logic and effects of the facts and circumstances before it, and we will not reweigh the evidence most favorable to that judgment." *Id*.

> Courts in other jurisdictions likewise have concluded that where an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice, comity ordinarily should require staying or dismissal of a subsequent action filed in a different jurisdiction, in the absence of special circumstances. *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970); *American Home Products Corp. v. Adriatic Ins. Co.*, 286 N.J. Super. 24, 668 A.2d 67, 72 (N.J. Super. Ct. App. Div. 1995).
>
> Factors this court has considered in addressing comity questions include whether the first filed suit has been proceeding normally, without delay, and whether there is a danger the parties may be subjected to multiple or inconsistent judgments. *See Hexter v. Hexter*, 179 Ind. App. 638, 640, 386 N.E.2d 1006, 1008 (1979). We also believe it appropriate to look for guidance from cases interpreting Indiana Trial Rule 12(B)(8), which expressly permits dismissal of a lawsuit where another action already is pending in another *Indiana* state court. Under that rule, a second action "should be dismissed where the parties, subject matter, and remedies are precisely or even substantially the same in both suits." *Vannatta v. Chandler*, 810 N.E.2d 1108, 1110-11 (Ind. Ct. App. 2004).

*Id*. at 39-40 (quoting *Jallali v. Nat'l Bd. of Osteopathic Med. Examiners, Inc.*, 902 N.E.2d 902, 904 (2009), *vacated on other grounds on reh'g*, 908 N.E.2d 1168 (Ind. Ct. App. 2009), *trans. denied*).

We conclude that the trial court did not abuse its discretion. First and foremost, the specific issue here, which state's law governed XL's policies with regard to the Technicolor Sites, was litigated first in California. Although the Indiana suit was filed on July 11, 2008, the Technicolor Sites were not made a part of it until August 19, 2009. The California suit, which was concerned solely with the Technicolor Sites, two of the three of which are located in California, was filed on May 19, 2009, and XL was added on June 12, 2009. Additionally, Thomson did not file for summary judgment on the choice-of-law question in the Indiana action until approximately ten months after the California trial court had already ruled against it on the same question, and there is no indication that the California suit was not proceeding normally in the California court system. Although both the California and Indiana suits involve many more parties and issues, the issue, parties, and remedies in this appeal were precisely the same in both actions and the only things affected by the trial court's invocation of comity. We believe it is also worth noting that the effect of giving deference to the California decision has the effect of applying California law to those sites contaminated by Technicolor, apparently a California-based company before Thomson's acquisition, and applying Indiana law to those sites contaminated by Thomson, an Indiana-based company, including three sites in Indiana. In short, there do not seem to be any special circumstances in this case that would warrant departure from the general rule that comity favors deference to the California courts. The trial court did not abuse its discretion in deferring to the California decision.

The judgment of the trial court is affirmed.

6

VAIDIK, J., and CRONE, J., concur.