**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 05 2012, 8:57 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK DINOS**
Morse Bolduc & Dinos
Dyer, Indiana

ATTORNEYS FOR APPELLEE:
Philip Hempel

**JAMES F. GROVES**
**DAVID E. BALLARD**
Lee, Groves & Zalas
South Bend, Indiana

ATTORNEYS FOR APPELLEE:
Farm Bureau General Insurance Company of
Michigan

**ROBERT T. KEEN, JR.**
**ADRIENNE C. ROMARY**
Carson Boxberger LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FIRST CHICAGO INSURANCE COMPANY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1202-PL-64 |
| | ) | |
| PHILIP HEMPEL, FARM BUREAU INSURANCE | ) | |
| COMPANY OF MICHIGAN, and AMERICAN | ) | |
| TRANSPORTATION ON TIME, INC., | ) | |
| | ) | |
| Appellees. | ) | |

**APPEAL FROM THE SAINT JOSEPH SUPERIOR COURT**
The Honorable Margot F. Reagan, Judge
Cause No. 71D04-1102-PL-39

**December 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

First Chicago Insurance Company (First Chicago) appeals the dismissal of its complaint for declaratory judgment against Philip Hempel, Farm Bureau General Insurance Company of Michigan (Farm Bureau), and American Transportation on Time, Inc. (American Transportation) (collectively referred to as Appellees), presenting the following restated issue for review: Did the trial court err in dismissing First Chicago's declaratory judgment action on principles of comity?

We affirm.

The underlying facts center upon an October 11, 2010 automobile collision between Hempel's car and another vehicle. Hempel and the other driver were Michigan residents. At the time of the collision, Hempel was driving a taxicab for Yellow Cab of Berrien County, which was an assumed name of American Transportation.[1] Berrien County is located in Michigan, just across the Indiana-Michigan border from South Bend. American Transportation is a taxicab company whose business address is on S. Mayflower Road in South Bend, Indiana. The same South Bend address is listed as the place where American Transportation garages its vehicles.

---

[1] In its brief, First Chicago refers to Yellow Cab of Berrien County as a subsidiary. Our interpretation of the relevant portion of the deposition of Kerry Clear, one of American Transportation's co-owners, leads us to conclude that Yellow Cab of Berrien County is not a separately created business entity, and thus not a subsidiary. *See* Ind. Code Ann. § 23-1-43-16 (West, Westlaw current through 2012 Second Regular Session) ("'subsidiary' of any resident domestic corporation means any *other* corporation of which a majority of the outstanding voting shares entitled to be cast are owned (directly or indirectly) by the resident domestic corporation") (emphasis supplied). In any event, the corporate status of Yellow Cab of Berrien County has no

2

As a result of the accident, Hempel and his wife filed a lawsuit in Michigan (the Michigan lawsuit) against First Chicago, which was American Transportation's insurer, and Farm Bureau, which was Hempel's personal liability insurer. In their lawsuit, the Hempels sought personal-injury protection (PIP), no-fault benefits under Michigan law. First Chicago filed a motion for summary judgment, contending that the Michigan court did not have personal jurisdiction over First Chicago and that there was another lawsuit pending in an Indiana court concerning this matter. The latter claim referred to the present declaratory judgment action (the Indiana lawsuit), which First Chicago filed on February 10, 2011, in St. Joseph Circuit Court against the Hempels and Farm Bureau. The Michigan court denied First Chicago's summary judgment motion, finding among other things that the Indiana lawsuit was filed *after* the Hempels filed the Michigan lawsuit. On August 2, 2011, the Hempels filed a motion to dismiss the Indiana lawsuit based upon comity. Farm Bureau followed with a motion to dismiss of its own. Following oral argument, the trial court granted the Hemples' motion to dismiss the Indiana lawsuit on October 21, 2011. This is the order that First Chicago appeals in the present case.

The court dismissed First Chicago's Indiana lawsuit based upon the principles of comity, by which our courts may decline to interfere with proceedings that are pending in another state. *See Quiring v. GEICO Gen. Ins. Co.*, 953 N.E.2d 119 (Ind. Ct. App. 2011). The application of these principles does not come about via constitutional mandate or mandatory rule of law, but instead as the product of a discretionary determination based upon a "willingness to grant a privilege, not as a matter of right, but out of deference and good

bearing upon the outcome of this case.

3

will." *Id.* at 128 (quoting *American Econ. Ins. Co. v. Felts*, 759 N.E.2d 649, 660 (Ind. Ct. App. 2001)). We review the dismissal of a declaratory judgment action under the principles of comity for an abuse of discretion. *In re Arbitration Between Am. Gen. Fin. Servs., Inc. & Miller*, 820 N.E.2d 722 (Ind. Ct. App. 2005).

Indiana's declaratory judgment statute provides that trial courts, within their respective jurisdictions, "have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Ind. Code Ann. § 34-14-1-1 (West, Westlaw current through 2012 Second Regular Session). "Any person interested under a ... written contract, or other writings constituting a contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status, or other legal relations thereunder." I.C. § 34-14-1-2 (West, Westlaw current through 2012 Second Regular Session). I.C. § 34-14-1-1's purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations," and it "is to be liberally construed and administered." I.C. § 34-14-1-12 (West, Westlaw current through 2012 Second Regular Session). In applying the statute, a trial court "may refuse to render or enter a declaratory judgment or decree where the judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." I.C. § 34-14-1-6 (West, Westlaw current through 2012 Second Regular Session). "In determining the propriety of declaratory relief, the test to be applied is whether the issuance of a declaratory judgment will effectively solve the problem, whether it will serve a useful purpose, and whether or not another remedy is more effective or efficient." *Quiring v. GEICO Gen. Ins. Co.*, 953 N.E.2d at 125-26 (quoting *Volkswagenwerk, A.G. v.*

4

*Watson,* 390 N.E.2d 1082, 1085 (Ind. Ct. App. 1979)).

A review of the cases cited by each side in support of their respective positions reveals that the propriety of the application of comity in cases of this type turns upon the unique aspects of the case. First Chicago cites, among others, *In re Arbitration Between Am. Gen. Fin. Servs., Inc. & Miller*, in which an Indiana resident entered into a consumer loan transaction with American General, which maintained its principal places of business in Indiana. The transaction occurred in Indiana. The loan contract provided that all covered claims must be resolved by binding arbitration at the election of the lender or the borrower. It also provided that arbitration would take place in the county in which the borrower resides, and that any lawsuit filed to enforce the arbitration provision must be filed in the county where the loan agreement was signed. The Indiana resident sued American General and its affiliates for breach of contract in a Mississippi court even though the loan transaction occurred in Indiana. Pursuant to the terms of the loan agreement, American General filed its petition to compel arbitration in the Vanderburgh Superior Court. The Indiana resident submitted a motion to dismiss American General's petition in Indiana based upon the principles of comity. The trial court granted the motion to dismiss on the stated grounds. This court reversed, citing "Indiana's strong policy favoring the enforcement of arbitration agreements," *id*. at 726, and noting that the issue of arbitration was not pending in the foreign action.

The Hempels cite *Brightpoint, Inc. v. Pedersen*, 930 N.E.2d 34 (Ind. Ct. App. 2010), *trans. denied,* in support of their contention that the trial court was correct in dismissing First Chicago's petition on comity grounds. In *Brightpoint*, this court set forth the following

discussion of the law of comity:

> Courts in other jurisdictions likewise have concluded that where an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice, comity ordinarily should require staying or dismissal of a subsequent action filed in a different jurisdiction, in the absence of special circumstances.
>
> Factors this court has considered in addressing comity questions include whether the first filed suit has been proceeding normally, without delay, and whether there is a danger the parties may be subjected to multiple or inconsistent judgments. We also believe it appropriate to look for guidance from cases interpreting Indiana Trial Rule 12(B)(8), which expressly permits dismissal of a lawsuit where another action already is pending in another *Indiana* state court. Under that rule, a second action "should be dismissed where the parties, subject matter, and remedies are precisely or even substantially the same in both suits." *Vannatta v. Chandler,* 810 N.E.2d 1108, 1110–11 (Ind. Ct. App. 2004).

*Id*. at 39-40 (quoting *Jallali v. Nat'l Bd. of Osteopathic Med. Exam'rs, Inc.,* 902 N.E.2d 902 (Ind. Ct. App. 2009), *vacated on other grounds on reh'g,* 908 N.E.2d 1168, *trans. denied*).

In *Brightpoint*, we affirmed a dismissal on comity grounds after concluding that the Indiana litigation and the foreign litigation involved the same parties, substantially identical subject matter, and substantially similar remedies. The court also noted that the trial court was justified in concluding that the foreign action was filed first.

We believe that although *Brightpoint* and *Quiring* reached different conclusions with respect to the validity of a dismissal of an Indiana action on comity grounds, they are not in conflict. The differing conclusions are driven by separate and distinctly different facts. In short, they are not inconsistent with each other and essentially represent the result of the application of the same principles in two different scenarios. Our task is to apply those principles to the unique facts of the present case.

To review the salient facts, the Michigan lawsuit involves a claim for damages

following a Michigan automobile accident involving Hempel and another Michigan resident. The parties in the Michigan lawsuit are First Chicago, Hempel, Farm Bureau, and American Transportation. The issue in that action is whether Hempel is entitled to receive PIP coverage from First Chicago. The Indiana lawsuit involves the same parties and the same automobile accident. In filing the action, First Chicago sought a declaration that Hempel was not entitled to PIP coverage under the First Chicago policy. Therefore, the issues are the same in both actions. It appears to us that based upon these considerations, the Michigan court is capable of granting prompt and complete justice. *See Brightpoint, Inc. v. Pedersen*, 930 N.E.2d 34.

We understand that First Chicago argues that the Michigan court *is* dispensing justice, but doing so erroneously. In fact, First Chicago's argument in this regard can be interpreted as suggesting that the Michigan court is exercising what is tantamount to a proprietary interest in this case, preferring one result to the other based upon geographical bias. *See Appellant's Reply Brief* at 8 ("First Chicago … filed a declaratory judgment action in Indiana [seeking an] interpretation of its Indiana policy, issued to an Indiana insured under Indiana law"; the dismissal of its Indiana complaint "has led to the absurd result of the Indiana contract of insurance being interpreted under contrary Michigan law by a Michigan court"). We agree with the trial court that both Michigan and Indiana courts are equally up to the task of determining which law applies and of capably applying it. *See Blackburn v. Sweeney*, 659 N.E.2d 131 (Ind. 1995) (the primary goal behind the doctrine of comity is the promotion of good will between jurisdictions and uniformity of decisions).

We decline to decide this matter on the premise that only an Indiana court will

protect the legal interests of Indiana residents embroiled in a lawsuit with a non-Indiana resident. Our decision is not driven by regional bias, but instead by application of the criteria set out in *Brightpoint* and *Quiring* to the facts of this case. The same is true of the Michigan court. The parties, subject matter, and remedies are substantially the same in both the Michigan lawsuit and the present case. The Michigan lawsuit was filed first. Accordingly, the trial court did not abuse its discretion in granting the Hemples' motion to dismiss the present lawsuit.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.